IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YVONNE GARREAUX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-502 |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests that the Court dismiss plaintiff's complaint upon the grounds that the Court does not possess jurisdiction to entertain the complaint and the complaint fails to state a claim upon which relief can be granted. In support of our motion, we rely upon plaintiff's pleadings and the following brief.

## DEFENDANT'S BRIEF

## STATEMENT OF THE ISSUES

1. Whether this Court lacks subject matter jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491, to entertain plaintiff's complaint because plaintiff has failed to allege that she is in privity of contract with the United States, or that she otherwise is entitled to assert a claim founded upon contract made by the United States.

2. Whether this Court lacks subject matter jurisdiction pursuant to the Tucker Act to entertain plaintiff's complaint because plaintiff has failed to allege that her claim is founded upon a money-mandating provision of Federal law.

3. Whether this Court lacks subject matter jurisdiction pursuant to the Tucker Act because

plaintiff's claims "sound in tort" and, thus, explicitly are outside of the jurisdiction of the Court of Federal Claims.

STATEMENT OF FACTS[1]

On September 21, 1977, the United States Department of the Interior, Bureau of Indian Affairs ("BIA") approved a renewable twenty-five (25) year lease agreement between Cheyenne River Housing Authority ("CRHA") and the Veo family, Indian heirs of property held in trust by the United States ("subject property"). Compl. Exh. A. As part of the Mutual Help Homeownership Opportunity Program administered by the United States Department of Housing and Urban Development ("HUD"), a residence was constructed upon the subject property. Compl. at ¶ 8, 12. When the original occupant of the home failed to make mortgage payments on time, the residence was turned over to the CRHA. Compl. at ¶ 10. After the home passed through two different owners, CRHA entered into a Mutual Help and Occupancy Agreement ("MHOA") with plaintiff Yvonne Garreaux for the sale and purchase of the residence. Compl. at ¶ 15. Ms. Garreaux alleges that CHRA lost the MHOA and the document cannot be produced. Compl. at ¶ 16. Mr. Garreaux took possession of the home in 1992, at which time the home was in severe disrepair. Compl. at ¶ 19. CRHA told her that she would own the home at the completion of the MHOA, and promised to repair the damages to the home. Compl. at ¶ 18, 20.

Ms. Garreaux completed her payments under the MHOA in October 2004, with the exception of a final payment required to transfer the land. Compl. at ¶28. As CRHA began the process of conveying the house, but before the final payment, the BIA contacted Ms. Garreaux

[1] Because on a motion to dismiss the undisputed facts as stated in plaintiff's complaint must be taken as true, Centers v. United States, 71 Fed. Cl. 529 (2006), the facts are stated in this brief as they are alleged in Ms. Garreaux's complaint and the attachments thereto.

and informed her that the majority interest holders in the leased land were requesting that she move her house and leave the land. Compl. at . ¶ 30. CRHA contacted the BIA to inform them that CRHA still had an interest in the home, and the BIA responded by acknowledging CRHA's continued financial interest in the home since the final payment had not been made and because of outstanding repairs. Compl. at ¶ 33, 34. In that acknowledgment letter, the BIA indicated that the lease would remain in effect until CHRA ceased to maintain a financial interest in it. Compl. at ¶ 34, Exh. F. Between March 2005 and May 2006, CHRA and Ms. Garreaux attempted unsuccessfully to reach an agreement. Compl. at ¶¶ 39-52. Ms. Garreaux claims that she is unable to live in the residence she purchased because the lease for the subject property was not renewed. Compl. at ¶ 36.

On January 31, 2006,[2] Ms. Garreaux filed a Federal Tort Claims Act administrative complaint against HUD. As of July 5, 2006, the date Ms. Garreaux filed her complaint, HUD had made no administrative determination regarding the tort claim. On November 29, 2006, the Department of Interior and the Department of Housing and Urban Development denied Ms. Garreaux's administrative tort claim because she exercised her right under 28 U.S.C. § 2675(a) to file a lawsuit concerning the matter. See Exhibit 1.

Ms. Garreaux's complaint asserts that HUD's failure to oversee the Mutual Help Homeownership Program resulted in Ms. Garreaux's having inhabited substandard housing and in her losing her residence. Compl. at 8, ¶ 1-8. She further alleges that the BIA negligently administered and that HUD breached the MHOA, and that the BIA failed to administer properly

[2] Ms. Garreaux's complaint mistakenly asserts that a FTCA complaint was filed against HUD in February 2005. In fact, HUD's records indicate receipt of this complaint on January 31, 2006.

the lease on the subject property. Compl. at 9, ¶ 9-12, D.[1] Finally, she alleges that the United States breached its duty to provide her with safe, sanitary and healthy housing pursuant to the Indian Housing Act. Compl. at 9, subparagraph C.

ARGUMENT

I. Standard Of Review

It is well-settled that this Court is one of limited jurisdiction. Bath Iron Works Corp. v. United States, 27 Fed. Cl. 114, 122 (1992), aff'd, 20 F.3d 1567 (Fed. Cir. 1994). Its authority to grant relief against the United States is limited by the extent to which the United States has waived sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Id. at 399 (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). "[I]n a Court of Claims context, that . . . waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed'." Id. at 399 (quoting United States v. King, 395 U.S. 1, 4 (1969)).

In deciding a RCFC 12(b)(1) motion, "determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1464 (Fed. Cir. 1997) (citations omitted). Where this Court's subject matter

[1] Ms. Garreaux also alleges that the BIA Superintendent "failed to provide any administrative remedy for the breach of the MHOA and the actions/inactions of HUD and the BIA." Compl. at 9, ¶11. This appears to be a claim for BIA's failure to provide a remedy for the claims otherwise stated by Ms. Garreaux and, thus, is dependent upon those claims. Because, for the reasons stated below, Ms. Garreaux's primary claims must be dismissed, this derivative claim for failure to provide a remedy set forth in paragraph 11 on page 9 of Ms. Garreaux's complaint must also be dismissed.

jurisdiction is placed in issue, the non-moving party bears the burden of establishing jurisdiction. J&E Salvage Co. v. United States, 37 Fed. Cl. 256, 260 (1997), aff'd, 152 F.3d 945 (Fed. Cir. 1998) (table). Moreover, in deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), the Court may consider evidentiary matters outside the pleadings. Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985).

In addition, a plaintiff asserting a claim against the United States based upon a contract or treaty faces a heightened pleading standard. RCFC 9(h) requires that the complaint contain "a description of the contract or treaty sufficient to identify it." RCFC 9(h). The plaintiff also must plead "the substance of those portions of the contract or treaty on which the plaintiff relies or shall annex to the complaint a copy of the contract or treaty, indicating the provisions thereof on which the plaintiff relies." Id.

## II. The Court of Federal Claims Lacks Subject Matter Jurisdiction To Entertain Ms. Garreaux's Claims

The Tucker Act confers upon the Court of Federal Claims jurisdiction to entertain actions "founded either upon the Constitution, or any Act of Congress or any regulation of any executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. §1491(a)(1). As the party seeking to invoke the Court's jurisdiction, Ms. Garreaux bears the burden of establishing subject matter jurisdiction. Mients v. United States, 50 Fed. Cl. 665, 668 (Fed. Cl. 2001). Ms. Garreaux's complaint, however, does not state a claim over which this Court has jurisdiction. Ms. Garreaux therefore has not met her burden of establishing subject matter jurisdiction and her complaint should be dismissed.

A. Ms. Garreaux's Allegations Do Not Contain A Contractual Basis For Invoking Tucker Act Jurisdiction

Ms. Garreaux alleges that the United States is liable for breach of the MHOA. In making this allegation, however, Ms. Garreaux has failed to meet the heightened pleading standards of RCFC 9(h). Moreover, the United States is not a party to the MHOA, and Ms. Garreaux does not allege otherwise. Instead, Ms. Garreaux alleges that the CRHA is an agent of the United States by virtue of the fact, she alleges, that HUD exercises control over CRHA projects. Even if true, however, this conclusory allegation is not enough to establish jurisdiction in this Court.

Ms. Garreaux has not satisfied the heightened pleading standards set out in RCFC 9(h) for alleging a breach of contract by the United States. Ms. Garreaux has not pled "the substance of those portions of the contract ... on which [she] relies" or annexed to the complaint "a copy of the contract or treaty, indicating the provisions thereof on which the plaintiff relies." Id. Ms. Garreaux alleges that HUD breached the MHOA, but she has not indicated, by allegation or annexation, the language of any contract provision upon which she relies in making this allegation. She has entirely failed to point the language of any contract that gives rise to the obligations she claims HUD owed her. Her claim for breach of contract must therefore be dismissed.

Ms. Garreaux also has failed to allege that the United States is a party to the MHOA. In order for the United States to be liable in contract, the United States must be a party to the contract. That is, privity of contract must exist between the plaintiff and the United States. United States v. Johnson Controls, Inc., 713 F.2d 1541, 1557 (Fed. Cir. 1983). Ms. Garreaux has not, however, alleged facts that, if proved, would demonstrate that she was in privity with the United States.

As a general matter, the Government is not liable for acts of a third party not in privity with the United States. Edison Sault Electric Company v. United States, 552 F.2d 326, 333 (Ct. Cl. 1977). "For the United States to be liable for acts of a third party, the third party must, at least, be an agency or instrumentality of the United States acting within the scope of its authority in entering into the disputed agreement and thereby binding defendant as principal to it." Id. at 333 (internal citations omitted).

Ms. Garreaux's only allegation in support of her agency theory is that HUD supervised CRHA's development, ownership and operation of housing projects. Compl. at ¶ 14. It is well-settled, however, that an agency's performance of such regulatory and sovereign functions does not create contractual obligations. The Government's involvement in the financing and supervision of a contract between a public agency and private party does not create a contract between the United States and the private party. New Era Construction v. United States, 890 F.2d 1152, 1155 (Fed. Cir. 1989). In particular, this Court and its predecessor have held that HUD is not liable upon contracts entered into by local housing authorities, notwithstanding the fact that HUD exercises some degree of control over projects carried out by such housing authorities. Eubanks v. United States, 25 Cl. Ct. 131 (1992); DeRoche v. United States, 2 Cl. Ct. 809 (Ct. Cl. 1983); Housing Corporation of America v. United States, 468 F.2d 922 (Ct. Cl. 1972).

In New Era Construction, the United States Court of Appeals for the Federal Circuit held that HUD was not liable for a contract entered into by the Indian Housing Authority of the Sac and Fox Tribe of Missouri and, quoting Housing Corporation of America, stated:

> The contract here in issue is one of many pursuant to which the Federal Governement subsidizes projects of state and local

> authorities for the public betterment. The United States, however, does not make itself a party to the contracts relating to said projects but obligates itself by separate agreements, as here, to local authorities for the funding of those projects it approves. ... This does not create an express or implied contract between plaintiff and defendant nor does it make the Commission defendant's agent through HUD. HUD's actions were performed in defendant's capacity as sovereign. This principle has been settled for some time ... .

New Era Construction, 890 F.2d at 1155 (quoting Housing Corporation of America, 468 F.2d at 924). Thus, Ms. Garreaux's allegation that HUD supervised CRHA's development, ownership and operation of housing projects, even if true, is not sufficient to support a breach of contract claim against the United States or to establish jurisdiction in this Court.

B. Ms. Garreaux Has Not Alleged a Regulatory, Statutory or Constitutional Basis for Invoking Tucker Act Jurisdiction

Ms. Garreaux's complaint does not allege a regulatory, statutory or constitutional basis for jurisdiction in this Court. Ms. Garreuax's compalaint cites no regulations, and the only statute cited in Ms, Garreaux's complaint is the United States Housing Act of 1937, 42 U.S.C. § 1437, et seq. ("USHA"), as amended by the Indian Housing Act, 42 U.S.C. § 1437bb. Compl. at ¶ 11 Neither of these statutes, however, can support jurisdiction in this Court.

First, the Indian Housing Act was repealed in 1996 by the Native American Housing Assistance and Self-Determination Act of 1996 ("NAHASDA"), Pub. L. 104-330 (1996), 25 U.S.C. § 4101 et seq. Any claim that Ms. Garreaux might have had under the Indian Housing Act, then, must have accrued in or before 1996 and would be barred under this Court's six-year statute of limitations. 28 U.S.C. § 2501. Moreover, even if the statute of limitations were not an issue here, Ms. Garreaux's complaint would still not state a claim because no private right of action existed under the Indian Housing Act. Dewakuku v. Martinez, 271 F.3d 1031, 1039 (Fed.

Cir. 2001). And, because NAHADSA, like the Indian Housing Act, does not explicitly provide a damage remedy, no private right of action exists under NAHASDA.[4] Id. In addition, NAHASDA ended the application of the USHA to Indian housing programs. 25 U.S.C. § 4181. Thus, Congress ended the provision of financial assistance for Indian Housing under the USHA in 1997, and Ms. Garreaux's claims may not, therefore, be based upon the USHA. Id.

Moreover, none of the above cited statutes is "money-mandating." In order for this Court to possess jurisdiction under the Tucker Act based upon a statute, the statute upon which jurisdiction is based must be "money-mandating." Testan, 424 U.S. at 398. That is, the statute must be one which "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." Eastport S.S. Corp. v. United States, 372 F.2d 1002, 1007-1009 (1967). Ms. Garreaux cannot point to a money-mandating provision of the USHA, Indian Housing Act or NAHASDA to support any of her claims and they must therefore be dismissed.

C. Article I Of The Fort Laramie Treaty Does Not Provide A Basis For Jurisdiction In This Court

The only obligation that Article I of the Fort Laramie Treaty ("Treaty") imposes upon the United States is set out in the following provision:

> If bad men among the whites, or among other people subject to the authority of the United States, shall commit any wrong upon the person or property of the Indians, the United States will, upon proof made to the agent, and forwarded to the Commissioner of Indian Affairs at Washington city, proceed at once to cause the

[4] In fact, in enacting NAHASDA Congress undermined the principal basis upon which Mr. Dewakuku argued that the Indian Housing Act did create a private right of action; that is, Congress declined to apply USHA's instruction to the HUD Secretary to provide "decent, safe and sanitary" housing to reservations and other Indian areas as it previously had done under the Indian Housing Act. 25 U.S.C. § 4101; Dewakuku, 271 F.3d at 1039.

> offender to be arrested and punished according to the laws of the United States, and also reimburse the injured person for the loss sustained.

Fort Laramie Treaty, April 29, 1868, 15 Stat. 635, 2 Kapp. 594. The Treaty may not serve as the basis for any of Ms. Garreaux's claims. Upon its face, the Treaty does not support the claims in Ms. Garreaux's complaint – Ms. Garreaux has not sought the relief described in the Treaty. Id. Moreover, the Treaty does not purport to waive the sovereign immunity of the United States and is not money-mandating in that it does not require the payment of money by the United States under any circumstances. Testan, 424 U.S. at 398. The Treaty may not, therefore, provide a basis for jurisdiction in this Court.[5]

D. Ms. Garreaux's Claims That HUD Failed To Properly Oversee The Mutual Help Homeownership Program And That The BIA Negligently Administered The MHOA And The Lease Are Tort Claims Over Which This Court Does Not Have Jurisdiction

The Tucker Act specifically excludes tort claims from the jurisdiction of this Court. 28 U.S.C. § 1491(a)(1). Ms. Garreaux's claims that HUD failed properly to oversee the Mutual Help Homeownership Program and that the BIA negligently administered the MHOA and the lease are each grounded in an allegation that the Government negligently performed duties it owed Ms. Garreaux. Claims based upon the careless performance of a duty allegedly owed, however, sound in tort. Somali Development Bank v. United States, 508 F.2d 817, 821 (Cl. Ct. 1974); accord Smithson v. United States, 847 F.2d 791, 795 (Fed. Cir. 1988). Ms. Garreaux's claims of negligent administration by HUD and the BIA must therefore be dismissed. DeRoo v. United States, 12 Cl. Ct. 356, 362 (1987) (dismissing claim that HUD negligently issued a

[5] We note that, although 28 U.S.C. § 1505 confers jurisdiction upon this Court to hear claims by tribes pursuant to Indian treaties, section 1505 does not confer jurisdiction upon this Court to entertain Indian treaty claims by individuals. Fields v. United States, 423 F.2d 380 (Ct. Cl. 1970).

conditional commitment).

CONCLUSION

For the foregoing reasons, defendant respectfully request that the Court dismiss Ms. Garreaux's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant attorney General

DAVID M. COHEN
Director

/s Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s Robert E. Chandler
ROBERT E. CHANDLER
Trial attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel.: (202) 307-0282

Attorneys for Defendant

December 4, 2006

CERTIFICATE OF FILING

I hereby certify that on this 4th day of December, 2006, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler